IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN COLON, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JO ANNE B. BARNHART | : | NO. 04-CV-5275 |
|     Defendant. | : | |

MEMORANDUM

LEGROME D. DAVIS, J.                                                              OCTOBER 31, 2005

Presently before the Court is the appeal of Marilyn Colon ("Plaintiff") from a final decision of the Commissioner of Social Security ("Commissioner") denying her Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). Both parties have filed cross motions for summary judgment. After referral, the Magistrate Judge recommended denying the Plaintiff's Motion for Summary Judgment and granting Commissioner's Motion for Summary Judgment. Plaintiff filed objections to the Report and Recommendation of the Magistrate Judge. For the following reasons, this Court denies Plaintiff's Motion for Summary Judgment and grants Commissioner's Motion for Summary Judgment.[1]

I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on November 19, 1967. Plaintiff filed an application for SSI on September 20, 2002, alleging disability due to back problems, depression, anxiety, panic attacks, paraesthesias of the left arm and arthritis of the left knee. Pl.'s Facts at 2. Plaintiff claims that her

---

[1] While this Court agrees with the ultimate result recommended by the Magistrate Judge, it does not adopt her Report and Recommendation because the Report does not adequately address Plaintiff's arguments for reversing the ALJ's decision.

1

disability began on July 19, 2001 when she was hit by a car. Id.  Plaintiff alleges that she has been unable to work since September 13, 2002 because of her back pain. Id.  Plaintiff's case was initially denied, and a request for a hearing was timely filed.

On January 26, 2004, the ALJ found that Plaintiff was not disabled under the Act. Specifically, the ALJ found that Plaintiff suffered from severe impairments, including degenerative disc disease, depression and anxiety. Tr. at 20. The ALJ found that Plaintiff could perform light exertional work subject to certain limitations, and that, with her residual functional capacity,[2] Plaintiff could perform a significant number of light jobs throughout the national and regional economy. Id. at 21.  In making these determinations, the ALJ found that Plaintiff's allegations regarding her limitations were not totally credible. Id. at 20.

On October 21, 2004, the Appeals Council denied Plaintiff's request for review and the ALJ's decision became final. On November 17, 2004, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). Plaintiff filed a Motion for Summary Judgment on March 4, 2005, and Commissioner filed a Motion for Summary Judgment on April 7, 2005. This case was referred to the Magistrate Judge on April 8, 2005, and a Report and Recommendation affirming the ALJ's decision was filed on August 5, 2005. Plaintiff filed written objections on August 22, 2005.

---

[2] The ALJ found that Plaintiff's had the following residual functional capacity: she can lift 20 pounds, stand/walk 2 hours and sit 6 hours out of an 8 hour work day, and occasionally bend, kneel, stoop, crouch, crawl or climb stairs. Tr. at 21. Plaintiff cannot have concentrated exposure to environmental respiratory irritants or the extreme cold, work at unprotected heights or around dangerous moving machinery, have more than occasional changes to the work setting, rules and procedures, or have work that requires travel to unfamiliar places. Id.

II.     DISCUSSION

The Act provides for judicial review of any "final decision of the Commissioner of Social Security" in a disability proceeding. See 42 U.S.C. § 405(g). The role of this Court on judicial review is to determine whether there is substantial evidence in the record to support the Commissioner's decision. Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); see also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986) (finding that, overall, this test is "deferential"). Substantial evidence requires more than a mere scintilla of evidence, but perhaps less than a preponderance of the evidence. Jesurum, 48 F.3d at 117.  It is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richard v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

Under applicable regulations, an application for disability benefits is evaluated according to a five-step sequential process. See 20 C.F.R. § 404.1520. First, the ALJ determines whether the claimant is engaged in a "substantial gainful activity." Id. § 404.1520(a)(4)(i). If a claimant is engaged in a substantial gainful activity, then she is not disabled; if not, then the ALJ considers the effect of the claimant's physical or mental impairment. Id. § 404.1520(a)(4)(ii). If the claimant has a "severe impairment" that limits her physical or mental ability to do basic work activities, the ALJ then proceeds to the third step: whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Id. § 404.1520(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. Id.  If not, the ALJ then determines whether the impairment prevents the claimant from performing past work. Id. §

404.1520(a)(4)(iv). Prior to this stage, the ALJ assesses the claimant's residual functional capacity, which measures the most a claimant can do in the work setting based upon her physical or mental limitations. Id. § 404.1545(a)(1) (defining residual functional capacity). If the claimant's residual functional capacity indicates an ability to perform past work, the claimant is not disabled; on the other hand, if the claimant's residual functional capacity indicates an inability to perform past work, the ALJ proceeds to the final step. Id.  Here, the ALJ considers the claimant's residual functional capacity and her "age, education, and past work experience" to determine whether she can perform other substantial gainful work on a regular and continuing basis that exists in the national economy. Id. § 404.1520(a)(4)(v). The claimant is entitled to disability benefits only if she is unable to make an adjustment to this type of work. Id. § 404.1520(g).

Plaintiff presents two arguments in favor of reversing the ALJ's decision. Plaintiff argues that the ALJ erred in finding Plaintiff less than fully credible. Pl.'s Mot. for Summ. J. at 5. Plaintiff also argues that the ALJ failed to properly analyze the Plantiff's medical impairments in combination. Id. at 4-5.

A.   Evaluation of Plaintiff's Credibility

In reviewing the credibility determination of the ALJ, this Court must determine whether the ALJ's findings were based on substantial evidence. Jesurum, 48 F.3d at 117. With regard to Plaintiff's anxiety and depression, the ALJ did not fully credit Plaintiff's testimony because she found that there were inconsistencies between what Plaintiff testified to at the hearing and the information Plaintiff provided during her psychiatric evaluation, e.g. Plaintiff testified that she wanted to stay in the dark and that she had ten anxiety episodes per month, but she did not

provide this information to Dr. Cooper during her psychiatric evaluation.[3] Tr. at 18. "One strong indicator of the credibility of an individual's statements is their consistency." Social Security Ruling 96-7. Plaintiff claims that the statements were inconsistent because her daughter was in the room during her psychiatric evaluation, and, as a result, the information that she could share with Dr. Cooper was limited.[4] Pl.'s Mot. for Summ. J. at 5. However, for credibility purposes, statements made to a treating or examining medical source are "especially important." Social Security Ruling 96-7. The ALJ also questioned Plaintiff's credibility because Plaintiff's treatment was conservative, Plaintiff had not seen a specialist until recently and the specialist's assessment was consistent with moderate symptoms and limitations. Tr. at 18. Given Plaintiff's inconsistent statements, the weight usually given to statements made to a treating medical source and the other factors calling the Plaintiff's credibility into question, this Court finds that there was a substantial basis for the ALJ's credibility determination regarding Plaintiff's anxiety and depression.

      With regard to Plaintiff's neck and back pain, the ALJ did not fully credit Plaintiff's testimony because the objective evidence did not document the existence of severe deficits, Plaintiff had not been fully compliant in attending physical therapy sessions, the clinical findings were not consistent with Plaintiff's complaints and Plaintiff's daily activities were not significantly limited by her physical symptoms. Tr. at 18. Plaintiff argues that she stopped attending physical therapy because she did not feel that it was helping her condition. Pl.'s Mot.

---

[3] The ALJ also noted that Plaintiff's treatment was conservative, Plaintiff had not seen a specialist until recently and that the specialist's assessment was consistent with moderate symptoms and limitations. Tr. at 18.

[4] Plaintiff's daughter was in the room by Plaintiff's choice. Tr. at 282.

for Summ. J. at 5. However, one of the physical therapy reports notes that Plaintiff "felt better at the end of the session" and that Plaintiff was "painfree."[5] Tr. at 274. Statements may be less credible if the individual, without a good reason, is not following the treatment as prescribed. Social Security Ruling 96-7. This Court finds that there was a substantial basis for the ALJ's credibility determination regarding Plaintiff's back and neck pain.[6] See Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999) (holding that the ALJ's determination that the extent of plaintiff's pain was exaggerated was supported by substantial evidence where plaintiff's complaints were inconsistent with the objective medical record, plaintiff's rehabilitation and medication regime, and plaintiff's description of his daily activities).

Because there was substantial evidence supporting the credibility determinations made by the ALJ, this Court does not disturb her decision.[7]

---

[5] This report is dated October 1, 2002. Plaintiff was discharged from physical therapy on October 25, 2002 for failure to attend her sessions. Tr. at 191.

[6] Plaintiff also argues that allegations concerning the intensity and persistence of pain may not be disregarded solely because they are not substantiated by objective medical evidence. Pl.'s Mot. for Summ. J. at 5. See Ferguson v. Schweiker, 765 F.2d 31 (3d Cir. 1985). The ALJ provided multiple reasons for her credibility findings. Neither the anxiety and depression credibility finding nor the back and neck pain credibility finding was based solely on the lack of objective medical evidence.

[7] In addition to the evidence cited by the ALJ in support of her credibility determinations, the record also provides other evidence that Plaintiff's testimony was not fully credible. The Residual Functional Capacity Assessment by John G. DiLeonardo opined that some of Plaintiff's averred limitations were not credible. Tr. at 157. P. Wigerman, who conducted a face-to-face SSA interview with Plaintiff, observed that Plaintiff did not have difficulty with sitting, standing or walking. Id. at 141. He found Plaintiff to be polite and cooperative. Id. See Social Security Ruling 96-7 (stating that the administrator must consider any observations about the individual recorded by SSA employees during interviews).

B.      Consideration of Impairments in Combination

Plaintiff claims that the ALJ failed to properly analyze the combination of Plaintiff's impairments. Id. at 4-5. Plaintiff alleges that the ALJ did not follow Social Security Ruling 85-28 because she did not assess the effect of all of Plaintiff's impairments on Plaintiff's ability to function. Pl.'s Objections at 2. See Social Security Ruling 85-28 (noting that the ALJ must assess the combination of impairments and not each impairment separately). Social Security Ruling 85-28 clarifies the analysis to be used in the second sequential step for evaluating an application for disability benefits. Id.  A claimant survives the second step if she has a severe impairment that limits her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). In the current case, the ALJ found that Plaintiff suffered from severe impairments from her neck and back pain, depression and anxiety. Tr. at 16. As a result, the ALJ determined that Plaintiff suffered from severe impairments, and Plaintiff survived the second step in the disability benefits analysis.

In evaluating the third step under 20 C.F.R. § 404.1520, the ALJ found Plaintiff's back and neck pain, depression and anxiety, whether analyzed singly or in combination, was not medically equivalent to any of the impairments listed in Appendix 1, Subpart P. Tr. at 16. See 20 C.F.R. § 404, subpt. P, app. 1. The ALJ found that Plaintiff's conditions did not medically equal listing 1.04, 12.04 or 12.06 of Appendix 1, Subpart P.[8] Id.  Plaintiff claims that the ALJ should have considered additional impairments when performing this analysis. Pl.'s Mot. for Summ. J. at 4. Specifically, Plaintiff believes that the ALJ should have considered Plaintiff's stenosing

---

[8] Plaintiff has not suggested that any of the other listings apply. Pl.'s Facts at 2-4.

7

tenosynovitis of the left long finger, left wrist complaints, obesity, knee pain and asthma.[9] Id.

The listed impairments define impairments that would prevent an adult from performing any gainful activity. 20 C.F.R. § 416.925; see also Sullivan v. Zebley, 493 U.S. 521, 532 (1988). A combination of impairments is medically equivalent to an impairment listed in appendix 1 "if the medical findings are at least equal in severity and duration to the listed findings." 20 C.F.R. § 404.1526. Medical equivalence must be based on medical findings. Id. In determining medical equivalence, the ALJ should consider the medical opinion given by the medical or psychological consultants designated by the Commissioner. Id. See Tr. at 239-252 (finding that Plaintiff does not meet the requirements of listed impairment 12.06).

The ALJ found that Plaintiff's back and neck problems, depression and anxiety, when analyzed in combination, did not meet the strict requirements of the listed impairments. Id. at 17. Substantial evidence exists supporting the ALJ's determination because, as the ALJ correctly noted, "no physician has opined that the claimant meets or equals any listing" and there is evidence that the requirements for the listed impairments were not met.[10] Id. Upon consideration of the medical record, the ALJ found that the additional impairments cited by Plaintiff seemed minimal and did not result in any significant work-related limitations. Id. at 17. As a result,

---

[9] Plaintiff also claims that the ALJ did not address Plaintiff's additional complaints and/or diagnoses, e.g. glaucoma, allergies, gastroesophageal reflux and sinus problems. Pl.'s Mot. for Summ. J. at 4. During the hearing, the ALJ, after questioning Plaintiff about her neck and back pain, depression, anxiety, wrist pain, left knee pain, right foot pain and asthma, asked if the Plaintiff had any other conditions that she felt disabled her. Tr. at 31-35, 42. Plaintiff said no. Id. at 42. Therefore, the ALJ took into consideration all conditions that Plaintiff believed disabled her.

[10] The ALJ lays out her findings in some detail, particularly with regard to why criteria B for 12.04 and 12.06 is not met. Tr. at 17. The ALJ noted that the medical findings had not demonstrated the requisite requirements under listing 1.04. Id.

consideration of the additional impairments would not have changed the ALJ's determination.

III.     CONCLUSION

Accordingly, this Court grants Defendant's Motion for Summary Judgment.  An appropriate order follows.